L. Kathleen Chaney, Esquire
Lambdin & Chaney, LLP
4949 S. Syracuse St., Suite 600
Denver, Colorado 80237
(303) 799-8889 – Telephone
(303) 799-3700 - Facsimile


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

Civil Action No. 2:10-CV-00208-ABJ

NANCY NEHL,

    Plaintiff,

v.

UNITED FIRE & CASUALTY COMPANY and
ALLSTATE INSURANCE COMPANY

    Defendants.

---

**DEFENDANT UNITED FIRE & CASUALTY COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS**

---

    Defendant United Fire & Casualty Company, by and through its counsel, and pursuant to Fed.R.Civ.P. 56 and U.S.D.C.L.R. 7.1, respectfully submits its Brief in Support of its Motion for Summary Judgment Based on the Statute of Limitations and as support states as follows:

## I.     INTRODUCTION

Plaintiff filed this action on July 22, 2010 in Wyoming state court. Defendant United Fire & Casualty Company (hereinafter "United Fire") was served on August 27, 2010. The action was removed to Wyoming federal court on September 27, 2010 pursuant to a joint notice filed by both Defendants. Plaintiff has asserted a single claim for breach of contract against Defendant United Fire in relation to an insurance policy in effect at the time Plaintiff was involved in an automobile accident occurring on July 26, 2000. The insurance policy that forms the basis of Plaintiff's breach of contract claim was issued by an agent in South Dakota to a South Dakota company and is governed by South Dakota law. The law of South Dakota provides for a six year statute of limitations on actions for breach of contract. Plaintiff failed to file the instant action within six years of the date her claim for breach of contract accrued and, thus, Plaintiff's Complaint is untimely and is barred as a matter of law.

## II.     UNDISPUTED FACTS

The following facts are undisputed and relevant to the Court's analysis of the legal issues presented in this Brief[1].

1.     On July 26, 2000, Plaintiff was involved in an automobile accident while a passenger in a vehicle owned by Silverado, Inc. d/b/a Overhead Door of Rapid City (hereinafter "Silverado"). *See Complaint for Underinsured Motorist Coverage*, ¶ 6, attached as **Exhibit C**.

---

[1] Supporting affidavits are attached as **Exhibits A** and **B** with regard to the admissibility of the referenced documents.

2. At the time of the accident, Silverado was incorporated in South Dakota and had its principal place of business in South Dakota. *See Annual Report filed June 1, 2000* attached as **Exhibit D**[2]. At all times between the date of the accident and the present, Silverado has been incorporated in and had its principal place of business in South Dakota. *See Various Annual Reports* attached as **Exhibit E**[3].

3. At the time of the accident, Silverado had in effect a Commercial Auto Insurance Policy issued by Defendant United Fire, policy number 60-208-302. *See Insurance Policy* attached as **Exhibit F**. This policy contained South Dakota Uninsured and Underinsured Motorists Coverage. **Exhibit F** at page 2.

4. The policy was issued by Western Dakota Insurors out of Rapid City, South Dakota. **Exhibit F** at page 1.

5. The named insured on the policy is listed as Silverado, Inc. dba Overhead Door of Rapid City with an address in Rapid City, South Dakota. **Exhibit F** at page 1.

6. The above referenced policy is the policy under which Plaintiff is seeking underinsured motorist benefits and the policy which Plaintiff claims Defendant United Fire has breached.

7. At the time of the accident, Plaintiff was employed as a secretary for Silverado, Inc. d/b/a Overhead Door of Rapid City. *See Excerpt of Recorded Statement of Nancy Nehl dated August 3, 2000* attached as **Exhibit G**.

---

[2] Pursuant to the Affidavit of L. Kathleen Chaney attached as **Exhibit A**, the documents contained within **Exhibits D** and **E** are public records to which United Fire requests this Court take judicial notice pursuant to F.R.E. 201.
[3] Pursuant to the Affidavit of L. Kathleen Chaney attached as **Exhibit A**, the documents contained within **Exhibits D** and **E** are public records to which United Fire requests this Court take judicial notice pursuant to F.R.E. 201.

8. On September 22, 2000, Anne Belich, a claims representative from Defendant United Fire, sent a letter to Plaintiff's husband reflecting a conversation between Ms. Belich and Plaintiff's husband regarding the possibility of underinsured motorist benefits pursuant to the policy. *See Correspondence to Bruce Nehl dated 9/22/00* attached as **Exhibit H**. In this letter, Ms. Belich confirmed that she had discussed with Mr. Nehls that "there may be a claim for underinsured motorist under this policy." ***Id.***

9. Dee Hoime, a claims representative from Defendant United Fire, sent a letter directly to Plaintiff on December 18, 2000 confirming a conversation between Plaintiff and Ms. Hoime regarding Plaintiff's underinsured motorist claim and stating, in relevant part, "as I explained, [Allstate has] minimal limits of coverage available to you for the bodily injury you sustained in this automobile accident." *See Correspondence to Nancy Nehl dated 12/18/00* attached as **Exhibit I**.

10. On July 22, 2004, Allstate sent a letter to Plaintiff's counsel offering a policy limits settlement of $50,000.00. *See Correspondence to Doug Dumbrill dated 7/22/04* attached as **Exhibit J**.

11. Mr. Dumbrill forwarded the Allstate policy limits offer to Defendant United Fire on August 5, 2004 stating Plaintiff would like to accept the offer and would be looking to Defendant United Fire "to cover her remaining loss under the underinsured motorist portion of her coverage with [United's] policy." *See Correspondence to Bruce Miller dated 8/5/04* attached as **Exhibit K**.

12. On August 13, 2004, Defendant United Fire responded to Plaintiff's counsel extending permission for Plaintiff to accept the policy limits offer from Allstate for $50,000.00. *See Correspondence to Doug Dumbrill dated 8/13/04* attached as **Exhibit L**.

13. Plaintiff filed the instant action on July 22, 2010. *See Deputy Clerk stamp on Complaint* attached as **Exhibit A**.

14. Plaintiff served Defendant United Fire on August 27, 2010. *See Affidavit of Service, Wyoming Insurance Commissioner (United Fire & Casualty Company)* attached as **Exhibit M**.

### III.   LEGAL ARGUMENT

**A.   Legal Standards Governing Summary Judgment.**

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law." **Cenex, Inc. v. Arrow Gas Serv.**, 896 F. Supp. 1574, 1577 (D. Wyo. 1995). The moving party has the burden of showing the absence of a genuine issue concerning any material fact. **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The moving party's burden may be met by identifying those portions of the record demonstrating the absence of a genuine issue of material fact. **Celotex Corp. v. Catrett**, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether these burdens have been met, the court is required to examine all evidence in the light

most favorable to the non-moving party. ***Barber v. Gen. Elec. Co.***, 648 F.2d 1272 (10th Cir.1981). Once the moving party has met its initial burden, the burden shifts to the party resisting the motion. ***Cenex, Inc.***, 896 F. Supp. at 1577. That party must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." ***Manders v. Okla. ex rel. Dep't of Mental Health***, 875 F.2d 263, 265 (10th Cir.1989).

**B.     South Dakota Substantive Law Principles Govern Plaintiff's Complaint for Underinsured Motorist Coverage.**

Plaintiff has asserted a single claim against Defendant United Fire for breach of contract seeking to recover underinsured motorist benefits pursuant to a Commercial Auto Insurance Policy issued to Silverado (Plaintiff's employer at the time of the accident) by Defendant United Fire. The policy was issued to a South Dakota company by a South Dakota insurance agency. *See* **Exhibits E** *and* **F**. Thus, despite the fact the accident occurred in Wyoming, Plaintiff's claim for underinsured motorist benefits is governed by South Dakota law.

In ***Great West Casualty Company v. Hovaldt***, 603 N.W.2d 198 (S.D. 1999), the Supreme Court of South Dakota unequivocally held that South Dakota law governed a claim for underinsured motorist benefits pursuant to an insurance policy issued by a South Dakota insurance agent that benefited a South Dakota company and contained a standard South Dakota underinsured motorist endorsement, despite the fact that the subject accident occurred in Texas. *Id*. at 201.

6

The Plaintiff in *Hovaldt* died in a motor vehicle accident in Texas. *Id*. at 200. Plaintiff's estate sought underinsured motorist benefits under a policy issued by Great West Casualty Company to Krumbach Trucking, Inc., Plaintiff's employer. *Id*. At the time of the accident, Plaintiff was operating a vehicle covered by Krumbach Trucking's commercial policy. *Id*. The policy was purchased by and delivered to Krumbach Trucking in Parker, South Dakota, through a South Dakota insurance agent. *Id*.

Plaintiff's estate argued that Texas law should govern whether underinsured motorist benefits were recoverable as the tort that triggered the coverage occurred in Texas. *Id*. The South Dakota Supreme Court disagreed noting:

> To determine which state's law to apply, we consider the nature of the action. This suit sounds in contract. Policy coverage, not tort liability, is the question. An action by an insured against an insurance carrier pursuant to an uninsured motorist provision is an action on the policy and is therefore *ex contractu*.

*Id*. at 201 (citing **Baker v. Cont'l W. Ins. Co.**, 748 F. Supp. 716, 719 (D. S.D. 1990)). The court also noted that the insurance contract contained no provision for place of performance or choice of law and that under South Dakota law "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." *Id*. (citing South Dakota Codified Laws (hereinafter "SDCL") § 53-1-4). The court held:

> Here, the policy with a standard South Dakota UIM endorsement was delivered in South Dakota, by a South Dakota insurance agent, for the benefit of a South Dakota company and its employees, to cover vehicles

7

>   licensed and principally garaged in South Dakota. The last act necessary to complete the contract took place in South Dakota. Therefore, South Dakota law applies.

*Id*. at 201.

The facts here are nearly identical to those in ***Hovaldt***. As can be seen from the policy at issue, the underinsured motorist endorsement contains standard South Dakota language and it was issued by a South Dakota insurance agent for the primary benefit of a South Dakota company. Thus, the Court must apply South Dakota law to Plaintiff's claim for underinsured motorist coverage.

**C.    The Six Year Statute of Limitations Governing Plaintiff's Claim for Underinsured Motorist Coverage ran on August 13, 2004 at the Latest and, thus Plaintiff's Complaint is Untimely.**

As outlined above, a claim for underinsured motorist coverage lies in contract. ***Great W. Cas. Co. v. Hovaldt***, 603 N.W.2d 198 (S.D. 1999). Pursuant to SDCL § 15-2-13(1) an action upon a "contract, obligation, or liability, express or implied" must be commenced "within six years after the cause of action shall have accrued." Under SDCL § 15-2-30 "an action is commenced as to each defendant when the summons is served on him."

Here, Defendant United Fire was served with the summons on August 27, 2010. *See Affidavit of Service, Wyoming Insurance Commissioner (United Fire & Casualty Company)* attached as **Exhibit M**. Thus, pursuant to SDCL § 15-2-30, this action was commenced on August 27, 2010. Therefore, in order for Plaintiff's claim to be timely, it must not have accrued prior to August 27, 2004.

### 1. Plaintiff had Constructive Notice of her Claim for Underinsured Motorist Coverage in December 2000 and, Therefore, her Claim is Time Barred.

"[G]enerally, statute of limitations questions are left for the jury. However, "[d]eciding what constitutes accrual of a cause of action ... entailing statutory construction presents an issue of law" that may properly be decided by the Court upon a motion for summary judgment. *Wissink v. Van De Stroet*, 598 N.W.2d 213, 215 (S.D. 1999) (internal citations omitted). An action accrues when "the plaintiff has actual notice of a cause of action or is charged with notice." *Id.* at 216 (citing *Strassburg v. Citizens State Bank*, 581 N.W.2d 510, 514 (S.D. 1998)). Thus, notice may be actual or constructive. Actual notice is defined as "express information of a fact" and constructive notice is defined as "notice imputed by the law to a person not having actual notice." SDCL §§ 17-1-2; 17-1-3.

Here, as evidenced by the correspondence between Defendant United Fire and Plaintiff, Plaintiff clearly had constructive notice of her claim for underinsured motorist benefits under the policy between United Fire and Silverado as early as December 18, 2000 and, therefore, Plaintiff was required to assert her claim for breach of contract no later than December 18, 2006 in order to comply with the applicable statute of limitations. *See Exhibit I*. Since Plaintiff did not commence this action until August 27, 2010, the claim is time barred.

### 2. Plaintiff had Actual Notice of her Claim for Underinsured Motorist Coverage When she Settled with Allstate for $50,000.00 and, Thus, her Claim is Time Barred.

Alternatively, Plaintiff's claim accrued at the time she had notice that a settlement with the tortfeasor would be insufficient to compensate her for her bodily injury claims and underinsured motorist benefits would be sought to make up the difference. While Defendant United Fire was unable to find a South Dakota case to explicitly address this issue, there are numerous cases from around the country which hold that a claim for underinsured motorist coverage accrues when the Plaintiff either settles with the tortfeasor for an insufficient amount or is aware that an insufficient amount of damages will be recovered from the tortfeasor.

In *Pfeifer v. Phoenix Insurance Co.*, 985 A.2d 581 (Md. App. 2010), the Maryland Court of Appeals analyzed the issue of when a claim for underinsured motorist benefits accrues noting the difficulty in assessing an accrual date when "the happening of the harm and the maturation of the harm" occur sequentially rather than simultaneously. *Id.* at 688. The Plaintiff in *Pfeifer*, was involved in an accident with an underinsured motorist and "two weeks later she sent a letter to the underinsured motorist carrier" in which she "stated her intention to pursue a claim for uninsured and/or underinsured motorist benefits in the event that the other motorist had insufficient limits of coverage to pay for all of the injuries she sustained." *Id*. Here, similar correspondence was sent. *See Exhibits H, I and K*.

"About a year and a half after the accident, Ms. Pfeifer notified [Phoenix - insurance company that provided the underinsured motorist coverage] that the tortfeasor's insurance

company had offered its policy limits and Phoenix consented to acceptance of these limits" by Plaintiff.  *Id*.  Like the Plaintiff in *Pfeifer*, Ms. Nehl's counsel sent a letter to Defendant United Fire on July 22, 2004 noting that Allstate had tendered a policy limits settlement offer of $50,000.00 and that Ms. Nehl would look to United Fire for underinsured motorist benefits.  See **Exhibit J**.  On August 13, 2004, United Fire responded to Plaintiff's counsel and provided permission to accept the settlement.  See **Exhibit L**.

In analyzing the statute of limitations issued, the Maryland Court of Appeals first stated that "here there was no denial [of underinsured motorist benefits] by Phoenix because there was no claim by Ms. Pfeifer for Phoenix to deny.  The claim for underinsured motorist benefits manifested itself only through Ms. Pfeifer's filing of the instant claim against Phoenix."  *Id*. at 590.  The court went on to state:

> We must decide, therefore, whether Ms. Pfeifer can institute a contract action against her insurance carrier more than three years after the accident where the goal of her action is to ascertain whether she is owed any money in excess of a prior settlement sum that exhausted the limits of the tortfeasor's policy.

*Id*. at 591.  The court's analysis began with recognition that the claim for underinsured motorist benefits is a breach of contract claim which would accrue upon breach either by anticipatory repudiation or actual breach in performance and noting that breach of contract in an underinsured motorist context occurs when the carrier denies coverage.  *Id.* at 592.  "That denial, and concomitant breach, can occur when the carrier denies coverage based on a general assertion, distinct from the facts of the claim, that premiums were not paid or that the claimant is not an "insured" under the policy."  *Id*.  "[I]n most

11

underinsured motorist cases, the statute of limitations does not begin to run until damages have been determined to be more than the amount garnered from the tortfeasor's insurer." *Id*. at fn. 6.

The court then looked to several other jurisdictions to determine how they have handled accrual of a claim for underinsured motorist covered and stated "we are most persuaded by those courts that have held that the limitations period begins to run when the insured settles with the tortfeasor and not when the loss occurs." *Id*. at 592. The court cited to **American Universal Insurance Company v. DelGreco**, 530 A.2d 171 (Conn. 1987) (holding that underinsured motorist coverage is triggered when the tortfeasor's automobile liability coverage is exhausted) and **Woodall v. Travelers Indem. Co.**, 699 So.2d 1361 (Fla. 1997) (holding the effect of . . . the exhaustion clause was to toll the statute of limitations until the insured settled its claim against the tortfeasor's liability carrier).

The *Pfeifer* court ultimately held "the statute of limitations in an underinsured motorist contract action for damages does not being to run until, at the earliest, the date on which exhausting of the tortfeasor's coverage occurs."  Colorado, Minnesota, New York, North Carolina and Wisconsin adhere to a similar rule as that of Maryland, Connecticut and Florida.  See **State Farm Mut. Auto Ins. Co. v. Springle**, 870 P.2d 58 (Colo. App. 1993) (holding underinsured motorist benefits claim accrued when payment was made by tortfeasor's liability carrier); **Oanes v. Allstate Ins. Co.**, 617 N.W.2d 401 (Minn. 2000) (holding statute of limitations on underinsured motorist coverage claim

begins to run on date of settlement with or judgment against tortfeasor); ***Westchester Fire Ins. Co. v. Imperiale***, 598 N.Y.S.2d 685 (Sup. 1993) (holding six year statute of limitations commenced when primary insurance was exhausted by payment of settlement); ***Register v. White***, 599 S.E.2d 549 (N.C. 2004) (holding an insured's contractual right to underinsured motorist coverage occurs when the liability carrier has tendered the limits of its policy in a settlement offer or satisfaction of judgment); ***Yocherer v. Farmers Ins. Exch.***, 643 N.W.2d 457 (Wis. 2002) (holding the six year statute of limitations began to run when the underlying tort claim was resolved through settlement).

Here, Allstate tendered a policy limits settlement offer on July 22, 2004. *See* **Exhibit J**. Plaintiff's counsel notified Defendant United Fire of her intent to accept the offer and seek underinsured motorist coverage from United Fire on August 5, 2004. *See* **Exhibit K**. United Fire informed Plaintiff's counsel on August 13, 2004 that Plaintiff could accept the policy limits settlement from Allstate. *See* **Exhibit L**. Thus, under the clear reasoning of the cases set out above, Plaintiff's claim for underinsured motorist coverage began to run on August 13, 2004 at the latest. As Plaintiff did not commence this action until August 27, 2010, the claim is untimely and barred as a matter of law.

## IV.   CONCLUSION

Wherefore, Defendant United Fire & Casualty Company, based on the foregoing undisputed facts and legal authority, respectfully requests the Court enter an Order finding that Plaintiff's Complaint seeking Underinsured Motorist Coverage is barred by the

applicable statute of limitations and enter judgment in favor of United Fire and for such other and further relief as the Court deems proper.

DATED this 29th day of October, 2010.

>Respectfully submitted,
>
>By:   s/ L. Kathleen Chaney
>
>L. Kathleen Chaney, Esq.
>**LAMBDIN & CHANEY, LLP**
>4949 S. Syracuse Street, Suite 600
>Denver, Colorado 80237
>Telephone: (303) 799-8889
>FAX: (303) 799-3700
>E-mail:kchaney@lclaw.net
>*Attorney for United Fire & Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2010, a true and correct copy of the foregoing **DEFENDANT UNITED FIRE & CASUALTY COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS** was sent via the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Thomas E. Lubnau II, Esquire
Lubnau Law Office, P.C.
PO Box 1028
300 S. Gillette Avenue, Suite 2000
Gillette, WY  82717
(307) 682-1313
tom@etseq.com
*Attorney for Plaintiff*

Kay Lynn Bestol, Esquire
Sundhal, Powers, Kapp & Martin, LLC
1725 Carey Avenue
Cheyenne, WY  82001
(307) 632-6421
kbestol@spkm.org
*Attorney for Allstate Insurance Company*

s/ L Kathleen Chaney