## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

NANCY NEHL,                              )
                                         )
                    *Plaintiff,*         )
                                         )
          vs.                            )          10-CV-00208-ABJ
                                         )
UNITED FIRE & CASUALTY COMPANY           )
and ALLSTATE INSURANCE COMPANY           )
                                         )
                    *Defendants.*        )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION OF UNITED FIRE & CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS

COMES NOW, Plaintiff, Nancy Nehl (hereinafter "Plaintiff"), by and through her undersigned attorney, THOMAS E. LUBNAU, II, of LUBNAU LAW OFFICE, PC, and pursuant to Fed. R. Civ. P. 56, respectfully submits her *Memorandum in Opposition of United Fire & Casualty Company's Motion for Summary Judgment Based on the Statute of Limitations* as follows:

### I. INTRODUCTION

On July 26, 2000, Plaintiff was riding in a vehicle owned by her employer, Overhead Door Company of Gillette, when that vehicle was collided with by a vehicle driven by Cathy Jo Fleming (hereinafter the "tortfeasor"). As a result of that accident, Plaintiff suffered severe injuries and the tortfeasor was cited as a result of the collision. On October 12, 2004, Plaintiff executed a Release of All Claims (hereinafter the "Release") against the tortfeasor. The Release was entered into in exchange for payment of the limits of the tortfeasor's liability insurance and was entered into with the consent of Defendant United Fire & Casualty Company (hereinafter "Defendant United Fire").

On October 29, 2004, Allstate Insurance Company, the tortfeasor's insuror, issued a check to Plaintiff pursuant to the Release.

Plaintiff is now seeking benefits under an underinsured motorist policy issued to her employer (hereinafter the "Policy"). The Policy covered vehicles licensed, registered, and garaged in the State of Wyoming, one of which Plaintiff was riding in at the time of the collision. The Policy contained endorsements to comply with Wyoming law. Invoices for the Policy premiums were issued to Overhead Door Company of Gillette at the company's address in Gillette, Wyoming.

Defendant United Fire seeks to invoke South Dakota's statute of limitations on the basis that the Policy was issued in South Dakota by a South Dakota agent. Defendant United Fire asserts that by invoking the South Dakota statute of limitations, Plaintiff's claim is time barred. However, that is not the case. Wyoming law governs this matter and even if South Dakota law applied, Plaintiff's claim would be timely and not barred.

## II.  MATERIAL FACTS

1.     Plaintiff is a resident of the State of Wyoming and has been since 1977. *Exhibit 1 at ¶ 2.*

2.     Plaintiff was employed by Silverado, Inc. d/b/a Overhead Door Company of Gillette, Wyoming. *Exhibit 1 at ¶ 5.*

3.     On July 26, 2000, Plaintiff was riding in a vehicle owned by her employer (hereinafter the "Vehicle") when the Vehicle was struck by a vehicle driven by Cathy Jo Fleming. *Exhibit 1 at ¶¶ 3 and 4.*

4.     That accident occurred in Campbell County, Wyoming. *Exhibit 3.*

5.     On October 4, 2004, R. Douglas Dumbrill, Plaintiff's attorney for the underlying action

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
**Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations**
Page 2 of 12

against Cathy Jo Fleming, sent a letter to Defendant United Fire requesting approval for Plaintiff to enter into settlement with the tortfeasor pursuant to the proposed release enclosed therewith. *Exhibit 1 at ¶ 11; Exhibit 4.*

6.      On October 8, 2004, Defendant United Fire sent a letter to Plaintiff's counsel, R. Douglas Dumbrill, approving the form of the proposed release and the settlement with the tortfeasor. *Exhibit 1 at ¶ 12; Exhibit 5.*

7.      On October 12, 2004, Plaintiff executed a Release of All Claims which released Cathy Jo Fleming and her insuror from liability. *Exhibit 1 at ¶ 13; Exhibit 7.*

8.      On October 29, 2004, a check was issued to Plaintiff by Allstate Insurance Company pursuant to the Release. *Exhibit 1 at ¶ 14; Exhibit 8.*

9.      The Release was entered into with the knowledge and consent of Defendant United Fire. *Exhibit 5.*

10.     On April 28, 2006, a Notice of Dismissal was filed in the underlying action against the tortfeasor. *Exhibit 1 at ¶ 15; Exhibit 6.*

11.     The Vehicle was covered by the Policy which was issued by Defendant United Fire and contained underinsured motorist coverage. *Compare Exhibit 3 and Exhibit 9 at pg. 45.*

12.     The Policy was issued in South Dakota by a South Dakota agent. *Exhibit 9 at pg. 11.*

13.     The Vehicle was licensed and registered in the State of Wyoming. *Exhibit 1 at ¶ 7; Exhibit 3.*

14.     The Vehicle was garaged in Wyoming and the same is reflected in the Policy. *Exhibit 1 at ¶ 8; Exhibit 9 at pg. 34.*

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
**Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for**
**Summary Judgment Based on the Statute of Limitations**
Page 3 of 12

15.   The Policy contains endorsements which specifically make the Policy comply with Wyoming law. *Exhibit 9 at pgs. 14-16, 84-86, 105-106.*

16.   Invoices for the Policy were sent to Plaintiff's employer, Overhead Door Company of Gillette, at her employer's address in Gillette, Wyoming. *Exhibit 10.*

17.   The uninsured and underinsured motorist coverage endorsement of the Policy provides, in pertinent part, that "[i]f this insurance provides a limit in excess of the amounts required by the applicable law where a covered 'auto' is principally garaged, we will pay only after all liability bonds or policies have been exhausted by judgments or payments." *Exhibit 9 at pg. 88.*

## III.  SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law." *Cenex, Inc. v. Arrow Gas Serv.*, 896 F. Supp. 1574, 1577 (D. Wyo. 1995).  The moving party has the burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct 1598, 26 L. Ed. 2d 142 (1970).  In determining whether these burdens have been met, the court is required to examine all evidence in the light most favorable to the non-moving party. *Barber v. Gen. Elec. Co.*, 648 F.2d 1272 (10th Cir. 1981).

## IV.  SUMMARY OF ARGUMENT

Plaintiff's cause of action arose in Wyoming according to applicable conflict of laws rules

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
**Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations**
Page 4 of 12

of Wyoming.  Therefore, South Dakota's statute of limitations is not applicable to this matter and Defendant United Fire is not entitled to judgment as a matter of law.  Alternatively, even if South Dakota law applied, Plaintiff's claims are not barred as this matter was commenced within six (6) years of when the cause of action accrued and Defendant United Fire is not entitled to judgment as a matter of law.

## V.  DISCUSSION

**A.      The cause of action arose in Wyoming and therefore Wyoming law governs this matter.**

Defendant United Fire has asserted that "Plaintiff's claim for underinsured motorist benefits is governed by South Dakota law" and therefore South Dakota's six-year statute of limitations on contract claims governs this matter which in turn, Defendant United Fire argues, would bar Plaintiff's cause of action. *Defendant United Fire and Casualty Company's Brief In Support of Its Motion for Summary Judgment Based On The Statute Of Limitations at pg. 6.*  Defendant United Fire is incorrect in its assertion that South Dakota law governs this matter.

In a diversity action, a federal district court must apply the substantive law of the state in which it sits.  *Vandeventer v. Four Corners Electric Co., Inc.*, 663 F.2d 1016, 1017 (10th Cir. 1981). Courts use the forum state's conflict of laws rules in determining the applicable substantive law. *Dworkin v. Hustler Magazine, Inc.*, 647 F. Supp. 1278, 1281 (D. Wyo. 1986) citing *Klaxton v. Stentor Electric Manufacturing Co.*, 313 US 487, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941).  As Wyoming is the forum state, Wyoming's choice of laws rules govern this matter.

In addressing statute of limitations questions in a conflict of laws analysis, Wyoming Statute provides that "if by the laws of the state or country where the cause of action arose the action is

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
**Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations**
Page 5 of 12

barred, it is also barred in this state." W.S. § 1-3-117.  Therefore, the question becomes, where did

the Plaintiff's cause of action arise?  The Wyoming Supreme Court has not yet had occasion to

provide a test for determining where a cause of action on an underinsured motorist policy arises.

However, the Wyoming Supreme Court has previously found guidance from the RESTATEMENT

(SECOND) OF CONFLICT OF LAWS in determining where a cause of action on a contract arose.  See

Cherry Creek Dodge, Inc. v. Carter, 733 P.2d 1024 (Wyo. 1987)(citing factors deemed relevant by

the RESTATEMENT (SECOND) OF CONFLICT OF LAWS in determining where the cause of action

accrued on a promissory note); BHP Petroleum (America's) v. Texaco Exploration and Production,

Inc., 1 P.3d 1253 (Wyo. 2000)(recognizing that the RESTATEMENT (SECOND) OF CONFLICT OF LAWS

was invoked as containing examples of factors to be considered in making a determination as to

where the cause of action arose); Resource Technology Corp. v. Fischer Scientific Co., 924 P.2d 972

(Wyo. 1996)(invoking the RESTATEMENT (SECOND) OF CONFLICT OF LAWS in analyzing a choice of

law agreement).

        Section 188 of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS, entitled "Law Governing

in Absence of Effective Choice by the Parties" provides guidance in determining which state's law

is applicable to a contract.  The factors deemed relevant by the RESTATEMENT (SECOND) OF

CONFLICT OF LAWS include the place of the contract, the place of negotiation of the contract, the

place of performance, the location of the subject matter of the contract, and the domicile, the

residence, nationality, place of incorporation, and place of business of the parties.  RESTATEMENT

(SECOND) OF CONFLICT OF LAWS § 188 (1971).  Those factors must be evaluated according to their

relative importance with respect to the particular issue.  Id.

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
**Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations**
Page 6 of 12

While the Wyoming Supreme Court has not yet had occasion to address the factors it considers relevant in determining choice of laws issues involving actions for uninsured or underinsured motorist coverage, other jurisdictions, in determining which state's law applies, have found relevant factors to include the residence of the plaintiff, where the policy and premium notices were sent, where the covered vehicle was principally garaged, where the vehicle was licensed and registered, where the policy was purchased and delivered, and where the accident occurred. See *Smith v. State Farm Mut. Auto Ins. Co.*, 952 So. 2d 342 (Ala. 2006)(applying Alabama law to an uninsured motorist action based upon a Florida policy covering a car registered in Florida when claimant lived primarily in Alabama, policy and premium notices were sent to Alabama, and the car was principally garaged in Alabama); *Chase v. Humrichouser*, 214 F. Supp. 2d 799 (N. Dist. Ohio 2002)(applying Michigan law to an action to recover uninsured motorist benefits on employer's policy when employer was a Wisconsin resident, insuror was a Pennsylvania company, and the accident occurred in Ohio, but the vehicle subject to the insurance policy was garaged in Michigan so Michigan had the most significant relationship to the insurance policies at issue).

In this case, Plaintiff is a resident of the State of Wyoming and has been since 1977. *Exhibit 1 at ¶ 2*. The premium notices for the Policy were sent to Gillette, Wyoming to Overhead Door Company of Gillette. *Exhibit 10*. The Vehicle was principally garaged in Gillette, Wyoming which is reflected and acknowledged in the Policy. *Exhibit 1 at ¶ 8; Exhibit 9 at pg. 34*. The Vehicle was licensed and registered in the State of Wyoming. *Exhibit 1 at ¶ 7; Exhibit 3*. The Policy was purchased from a South Dakota insurance agent and issued to a South Dakota company doing business in the State of Wyoming as Overhead Door Company of Gillette. *Exhibit 9 at pg. 11*. The

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
**Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations**
Page 7 of 12

accident triggering coverage occurred in the State of Wyoming. *Exhibit 3*. Further, the Policy itself contemplates the application of the laws of the state where the vehicle is garaged by providing that coverage is triggered only if the Policy provides coverage in excess of the amount required by the applicable law of where the auto is principally garaged.

Therefore, although the contract was issued by a South Dakota insurance agent to a South Dakota corporation, Wyoming is where the cause of action arose.  The subject matter of the insurance contract, for the purposes of this matter, was located in the State of Wyoming, policy notices were sent to Wyoming, Plaintiff was a Wyoming resident, the accident occurred in Wyoming, and the Vehicle was licensed, registered, and garaged in Wyoming.  Additionally, the Policy recognizes that the law of the place where the subject auto is garaged, which is Wyoming, will apply.  Certainly, Wyoming has a significant interest in applying its law to this matter as the connections with the State of Wyoming are much more significant than the minimal connection to the State of South Dakota and the cause of action arose in the State of Wyoming.

**B.      Even if Plaintiff's cause of action arose in South Dakota, Plaintiff's claim is not time barred.**

Pursuant to SDCL § 15-2-13(1), an action upon a "contract, obligation, or liability, express or implied," must be commenced within "six years after the cause of action shall have accrued." Under South Dakota law, "an action is commenced as to each defendant when the summons is served on him."  SDCL § 15-2-30. The South Dakota Supreme Court has not yet had occasion to address when a cause of action on an underinsured motorist policy accrues.  However, the Policy provides that Defendant United Fire would only pay **"after all liability bonds or policies"** were

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
**Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations**
Page 8 of 12

**"exhausted by judgments or payments."** *Exhibit 9 at pg. 88 (emphasis added).*

Additionally, as Defendant United Fire recognizes in its brief, the majority view is that the cause of action on an underinsured motorist policy accrues when the claimant settles with the tortfeasor or obtains a judgment against the tortfeasor.  See *State Farm Mutual Auto Ins. Co. v. Springle*, 870 P.2d 58 (Colo. App. 1993)(holding that an underinsured motorist benefits claim accrued when payment was made by tortfeasor's liability carrier); *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401 (Minn. 2000)(holding that the statute of limitations on an underinsured motorist claim begins to run the date of settlement with or judgment against tortfeasor); *Westchester Fire Ins. Co. v. Imperiale*, 598 N.Y.S. 2d. 685 (Sup. 1993)(holding six-year statute of limitations commenced when primary insurance was exhausted by payment of settlement); *Register v. White*, 599 S.E.2d 549 (N.C. 2004)(holding an insured's contractual right to underinsured motorist coverage occurs when the liability carrier has tendered the limits of its policy in a settlement offer or satisfaction of judgment); *Yocherer v. Farmer's Ins. Exchange*, 643 N.W.2d 457 (Wis. 2002)(holding the six-year statute of limitations began to run when the underlying tort claim was resolved through settlement).

Here, a Release was executed on October 12, 2004, which released the tortfeasor and her insuror from liability.  *Exhibit 1 at ¶ 13; Exhibit 7*.  The check which was issued to the Plaintiff pursuant to that Release was issued on October 29, 2004.  *Exhibit 1 at ¶ 14; Exhibit 8*.

Therefore, settlement did not occur until, at the earliest, October 12, 2004, the date on which the Plaintiff executed the Release for the underlying action.  However, according to the terms of the Policy, the cause of action could not have possibly accrued until October 29, 2004, when the payment was issued by the tortfeasor's insuror.  Therefore, as Plaintiff's  action accrued no earlier

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
**Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations**
Page 9 of 12

than October 12, 2004 and this action was commenced no later than August 27, 2010 (when the summons was served on Defendant United Fire), the cause of action was commenced within six (6) years of accrual and this action is timely and not barred as a matter of law.

Defendant United Fire asks the Court to ignore the date of the Release, the date of payment, and the terms of the Policy and find that "settlement" took place on August 13, 2004 - the date on which a letter was sent from Defendant United Fire to Plaintiff's counsel addressing the possibility of settlement with the tortfeasor.  Defendant United Fire has also asserted that the cause of action accrued when Plaintiff had "constructive" notice of her claim for underinsured motorist benefits. However, pursuant to the terms of the Policy itself the cause of action could not accrue until payment was made, which in this case was October 29, 2004.  Additionally, as recognized by Defendant United Fire, the idea that the cause of action accrues when the Plaintiff has "constructive" notice is a minority view and Defendant United Fire offers no support for its position that the Supreme Court of South Dakota would prospectively adopt that position - a position in direct contradiction of the terms of the Policy itself.

## VI.  CONCLUSION

Defendant United Fire has not demonstrated the absence of any genuine issue of material fact and is not entitled to judgment as a matter of law.  First, this action is governed by Wyoming law. The Policy covered the Vehicle which was licensed and registered in the State of Wyoming, the Vehicle was principally garaged in the State of Wyoming which is reflected and acknowledged in the Policy, the Policy was issued by a South Dakota agent to a company with operations in Wyoming for coverage of vehicles in Wyoming, the Policy premium notices were sent to Overhead Door

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations
Page 10 of 12

Company of Gillette to a Gillette, Wyoming address, the Plaintiff is a Wyoming resident, the Plaintiff was employed by the insured's company in Wyoming, and the accident occurred in Wyoming.  Therefore, the cause of action accrued in Wyoming and Wyoming law must control.

Second, even if South Dakota law applied, Defendant United Fire has not demonstrated the absence of any genuine issue of material fact and is still not entitled to judgment as a matter of law. Pursuant to the terms of the Policy, Defendant United Fire would not pay underinsured motorist benefits until "all liability bonds or policies have been exhausted by judgments or payments." Therefore, under the terms of the Policy, Plaintiff's cause of action could not have accrued until October 29, 2004 - the date payment was issued by the tortfeasor's insuror.  As such, Plaintiff's claim is timely under South Dakota's applicable statute of limitations as this action was commenced within six (6) years of its accrual.

Dated this 6th day of December, 2010.

LUBNAU LAW OFFICE, PC
Attorneys at Law

By:*/s/ Thomas E. Lubnau, II*
Thomas E. Lubnau, II WSB #5-2218
Attorney for the Plaintiff
P.O. Box 1028
Gillette, WY  82717-1028
(307) 682-1313

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations
Page 11 of 12

## CERTIFICATE OF SERVICE

I, Thomas E. Lubnau, II, hereby certify that on this 6th day of December, 2010, a true and correct copy of the foregoing *Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for Summary Judgment Based on the Statute of Limitations* was sent via the Clerk of the Court using the EM/ECF system which will sent notification of such filing to the following email addresses:

Kay Lynn Bestol                               Kathleen Chaney
Sundahl, Powers, Kapp & Martin, LLC           Lambdin & Chaney, LLP
P. O. Box 328                                 4949 S. Syracuse St., Suite 600
Cheyenne, WY 82003-0328                       Denver, CO 80237
kbestol@spkm.org                              kchaney@lclaw.net


                                    */s/ Thomas E. Lubnau, II*_____
                                    Thomas E. Lubnau, II

Nancy Nehl. v. United Fire & Casualty Company and Allstate Insurance Company
**Plaintiff's Memorandum in Opposition of United Fire & Casualty Company's Motion for
Summary Judgment Based on the Statute of Limitations**
Page 12 of 12